IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 23-CR-8 |
| Plaintiff, | |
| vs. | DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE |
| JASON DEAN ANDERSON, | |
| Defendant. | |

Jason Dean Anderson, through counsel, hereby submits the following sentencing memorandum for the sentencing set at 3:00 p.m. on November 29, 2023.

## I. Witnesses

Defendant does not anticipate calling any witnesses at the sentencing hearing.

## II. Exhibits

Defendant anticipates submitting the following exhibit at the sentencing hearing:

A.  Character Letters

## III. Issues

The Final Presentence Investigative Report (PSR) identified two issues that require the Court's resolution: 1) whether the five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor applies, pursuant to USSG §2G2.2(b)(5); and (2) whether the two-level enhancement use of a computer or interactive service in the instant offense applies, pursuant to USSG §2G2.2(b)(6). In addition, the Defendant respectfully requests that the Court vary downward.

1

A. **Whether the five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor applies, pursuant to USSG §2G2.2(b)(5)**

Mr. Anderson withdraws his objection to this enhancement and agrees that it applies.

B. **Whether the two-level enhancement for use of a computer or interactive computer service applies, pursuant to USSG §2G2.2(b)(6)**

Numerous district courts have generally rejected USSG § 2G2.2, the guideline provision that applies in most child pornography cases, as illogical, too harsh, and/or not based on empirical data. *See, e.g.*, *United States v. Diaz*, 720 F. Supp. 2d 1039, 1041 (E.D. Wis. 2010) (collecting cases); *United States v. Riley*, 655 F. Supp. 2d 1298, 1304-05 (S.D. Fla. 2009); *United States v. McElheney*, 630 F. Supp. 2d 886, 901-02 (E.D. Tenn. 2009); *United States v. Beiermann*, 599 F. Supp. 2d 1087, 1106 (N.D. Iowa 2009); *United States v. Grober*, 595 F. Supp. 2d 382, 412 (D.N.J. 2008), *aff'd*, 624 F.3d 592 (3d Cir. 2010). As one district judge wrote, "the guideline does not guide." *Grober*, 595 F. Supp. 2d at 412.

USSG § 2G2.2 includes harsh enhancements that do little to distinguish defendants. Mr. Anderson is subject to 18 levels' worth of enhancements for images of prepubescent minors (two levels, PSR ¶ 14); images depicting sadistic or masochistic conduct (four levels, *id.* ¶ 15); use of a computer (two levels, *id.* ¶ 16A); pattern of activity (five levels, ¶ 16); and possessing 600 or more images (five levels, *id.* ¶ 17).[1] In fiscal year 2010, the enhancements for prepubescent minors and use of a computer applied in greater than 96% of all § 2G2.2 cases. U.S. Sentencing Comm'n, *Federal Child Pornography Offenses* 327-28 (2012) [hereinafter, "2012 Report"].[2] At least some

---

[1] In 2019, over 95% of cases were enhanced for the use of a computer and for images depicting victims under age 12; 84% of cases received the sadistic/masochistic or abuse of an infant/toddler enhancement; and 77.2% of cases were enhanced for involving 600 or more images.
https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf

[2] Available at
https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf

enhancement for number of images also applied in greater than 96% of § 2G2.2 cases. Additionally, the enhancement for images of sadistic or masochistic conduct applied in nearly 75% of § 2G2.2 cases. 2012 Report, *supra*, at 209. As the Commission has recognized, these "sentencing enhancements that originally were intended to provide additional proportional punishment for aggravating conduct now routinely apply to the vast majority of offenders." *Id.* at 316.

These enhancements also lack a sound basis. For instance, it is undoubtedly easier today to commit a child pornography offense by downloading it from the internet than to obtain such images without a "computer".[3] In this day and age, it is difficult to imagine a child pornography case that does not involve a computer. An offender committed to obtaining child pornography without a computer would need to determine how and where to find it, and perhaps need to pay for it. Such an offender would be more culpable than someone like Mr. Anderson.

The Court should vary downward by two levels to negate the enhancement for use of a computer. For the reasons described previously, this enhancement is illogical in an era in which virtually all offenders use a computer to access child pornography and computers are ubiquitous.

  **C.**  **18 U.S.C. 3553(a) Considerations and Motion for Downward Departure or Variance**

The United States Court of Appeals for the Eighth Circuit in *United States v. Chase*, 560 F.3d 828 (8th Cir. 2009), described the broad flexibility afforded sentencing courts imposing sentences tailored to fit not only the crime but the criminal:

> Factors ordinarily considered irrelevant in calculating the advisory guideline range, or in determining whether a guideline departure is warranted, can be relevant in deciding whether to grant a variance. In fashioning a "sentence sufficient, but not greater than necessary,"

---

[3] A "computer" for guideline purposes includes any device capable of performing computer-like functions, including a cell phone or tablet. *See* USSG § 2G2.2 comment. n.1 (incorporating the definition in 18 U.S.C. § 1030(e)(1)).

> 18 U.S.C. §3553(a), "district courts are not only permitted, but required, to consider 'the history and characteristics of the defendant.'" As a consequence, factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit, etc., can form the bases for a variance even though they would not justify a departure. . . . In addition, factors that have already been taken into account in calculating the advisory guideline range, such as a defendant's lack of criminal history, can nevertheless form the basis of a variance.

560 F.3d at 830 (internal citations omitted).

Mr. Anderson respectfully requests the Court grant his motion for downward departure or variance and impose a sentence below the guidelines range.

### D. Nature and Circumstances of the Offense

The events leading to Anderson's prosecution and plea for accessing child pornography are accurately documented in both the plea agreement and in the presentence investigation report. Mr. Anderson understands the severity of his conduct and admits full responsibility. Nothing written here or argued on his behalf is meant to disrupt or minimize Anderson's acceptance of responsibility.

Anderson knowingly accessed and possessed child pornography between October 11, 2018 between August 26, 2022. PSR ¶ 5. Between July 14, 2022, and August 26, 2022, Anderson participated in a Snapchat group with a minor. PSR ¶ 7. Members of the group would ask the minor to take and post sexually explicit depictions of herself and the minor would provide the requested sexually explicit depictions. *Id*. On August 26, 2022, following the execution of a search warrant at his home, Anderson consented to an interview with law enforcement and provided access to his phone. PSR ¶ 8. During this interview, Anderson fully admitted to his criminal conduct and made no excuses for his behavior. *Id*. Anderson participated in a second interview with law enforcement on February 8, 2023, and again fully confessed and owned his behavior. PSR ¶ 10. Anderson pleaded guilty to a one-count information for possession of child pornography on October 13,

2022. PSR ¶ 1.

E.       **History and Characteristics of the Defendant**

Mr. Anderson is 50 years old and has resided his entire life in Cedar Rapids, Iowa. PSR ¶ 39. Anderson had a decent upbringing and still has daily contact with both his parents. *Id*. Anderson has been married to his wife, Emmali, for 24 years, and they have two daughters, ages 19 and 17. PSR ¶ 41. Anderson maintains daily contact with his wife and has a positive relationship with his family. *Id*.

Anderson has maintained consistent employment throughout his adult life, often working two jobs at once. Prior to his arrest, Anderson was employed full-time as a Food and Nutrition Manager for 17 years and worked part-time at a hotel front desk for seven years. PSR ¶ 51. Anderson does not have any known physical or mental health issues. PSR ¶¶ 43 & 44.

As the letters submitted on his behalf show, Anderson is hardworking, devoted family man. Exhibit A. Members of Anderson's extended family, friends, and co-workers describe his as a "kind and loving father" and that he was "always ready to lend a hand." *Id.*

Prior to this instant offense, Anderson had no criminal history and has never had any involvement with law enforcement beyond a traffic ticket. PSR ¶ 28. It is noteworthy that in the period after the execution of the search warrant and investigation by law enforcement, Anderson did not have any law violations or any allegations that he has engaged in similar conduct. Anderson's age, employment history, lack of criminal history, and strong family support demonstrates the likelihood that he will be successful on supervision following discharge from his sentence.

F.       **The Need for the Sentence Imposed**

Though Mr. Anderson readily admits and accepts responsibility for his criminal conduct, a

5

lengthy sentence of imprisonment is not merited. He is not criminally minded and has no history of any criminal conduct apart from the period covering this instant offense. A long sentence will certainly punish Anderson, but it will not deter any criminal behavior. There simply isn't anything to deter. Deterrence—in the form of preventing Anderson from ever engaging in similar behavior again—will be accomplished by minimal imprisonment.

During the last five fiscal years (FY201-2022), there were 175 defendants whose primary guideline was §2G2.2, with a Final Offense Level of 33 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 173 defendants (99%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 94 month(s) and the median length of imprisonment imposed was 96 month(s). PSR ¶ 59.

### G.  Sentencing Recommendation

For all the reasons described above, Mr. Anderson respectfully requests the Court impose a sentence sufficient, but not greater than necessary, to satisfy the sentencing objectives applicable to him in the case. Mr. Anderson requests the Court grant his motion for downward variance and impose a sentence of 96 months with an appropriate term of supervised release to follow.

FEDERAL DEFENDER'S OFFICE
222 Third Avenue SE, Suite 290
Cedar Rapids, IA   52401-1509
TELEPHONE: (319) 363-9540
TELEFAX: (319) 363-9542

BY: /s/ Zach D. Crowdes
ZACH D. CROWDES
zach_crowdes@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE
I hereby certify that on November 22, 2023, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

By:   /s/ Angie McClain